IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:23CR460 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | RESPONSE IN OPPOSITION TO |
| | ) | DEFENDANT'S MOTION FOR |
| WILLIE EARL JACKSON, JR., | ) | MODIFICATION OF DETENTION |
| | ) | ORDER |
| Defendant. | ) | |

Now comes the United States of America, by and through counsel, Rebecca C. Lutzko, United States Attorney, and Kelly L. Galvin, Assistant United States Attorney, and respectfully submits the following Response in Opposition to Defendant's Motion for Bond (ECF #47). For the reasons stated herein, the United States of America requests that this Court deny Defendant's Motion.

**I.     BACKGROUND**

Willie Earl Jackson, Jr. was arrested on a criminal complaint on August 10, 2023. (ECF #1). The complaint outlined that Jackson sold ATF undercover agents over 30 firearms totaling more than $30,000 beginning in mid-June through August 9, 2023. Jackson was introduced to agents by a drug dealer as "his source of firearms." In April 2022, ATF agents warned Jackson that several firearms he purchased had been recovered in crimes by law enforcement.[1] He was

---

[1] Jackson purchased six pistols and rifles from federal firearms licensees in 2019 through 2022 that were

given a warning letter and told to cease selling firearms which he agreed to do. During the sales to undercover agents Jackson admitted to buying firearms from federal firearms licensees knowing he was not the actual buyer, manufacturing and building firearms, buying firearms from a non-firearms licensee in Ashtabula (Shane Plats), and offered to obtain machinegun conversion devices (switches for pistols), drop-in auto sears (trigger for converting rifle), and silencers for sale. He and the agents openly discussed that scratching off serial numbers would eliminate tracing, and that the firearms would be transported to Mexico or Canada for sale – meaning the firearms would be used illegally. On one occasion, June 16, 2023, upon learning that a confidential informant was a convicted felon Jackson offered to make or obtain a new identity through IDs, passports, social security card, financial histories and other documents for $3000.

On June 21, 2023 Jackson sold ATF agents a Česká Zbrojovka a.s. (CZ), Model CZ Scorpion EVO 3 S1, 9mm-rifle. NIBIN linked the rifle to three shootings: a February 2, 2021 homicide, a September 15, 2021 shooting wherein five people were shot, and an October 15, 2021 shooting wherein two people died. During his last interactions with the agents the week of August 6th before his arrest Jackson offered to take "orders" for specific firearms to purchase at a gun show. His knowledge of firearms and how firearms are legally sold in commerce demonstrated he was aware a license was required to sell firearms and he purposefully did not obtain a license because he would have to pay taxes.

---

later recovered in crimes. A Taurus 9mm pistol purchased by Jackson on July 23, 2020 was recovered 41 days later in New York city during a crime. A Beretta .40 caliber pistol purchased by Jackson on July 7, 2020 was recovered 24 days later in Maple Heights in a crime by a convicted felon. Jackson told ATF that a couple of his firearms were stolen.

Upon arrest, Jackson was ordered detained following a detention hearing. (ECF # 11). The Court found that there were no conditions that reasonably assured his appearance or the safety of the community.[2]

Jackson was indicted and eventually, on December 19, 2023 pleaded guilty to both counts of the indictment, engaged in the business of dealing firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A), and trafficking in firearms, in violation of 18 U.S.C. §

---

[2] The United States satisfied its burden of showing by a preponderance of the evidence that Mr. Jackson is a flight risk, and that no condition or combination of conditions would reasonably ensure his appearance as required. 1) 18 U.S.C. § 3142(g)(1): Mr. Jackson is charged with multiple firearm offenses. (See Compl.) He sold over 30 firearms and received approximately $30,000 in a relatively brief period of time. Law enforcement reports show that three of the firearms Mr. Jackson sold were used in prior homicides. If convicted, Mr. Jackson faces substantial jail time. Significantly, courts in the Sixth Circuit have recognized that criminal defendants facing severe penalties have a greater incentive to flee. See, e.g., *United States v. Zhou*, 2019 WL 6307194, at *4-5 (S.D. Ohio Nov. 19, 2019); *United States v. You*, 2019 WL 2426659, at *3 (E.D. Tenn. June 10, 2019) (collecting cases); *United States v. Ho*, 2016 WL 5875005, at *4 (E.D. Tenn. Oct. 7, 2016) (collecting cases). This factor therefore weighs in favor of detention based on risk of flight. 2) 18 U.S.C. § 3142(g)(2): This factor goes to the risk of flight. *United States v. Villegas*, 2011 WL 1135018, at *8 (E.D. Tenn. Mar. 25, 2011) ("This factor goes to how convincing the government's arguments of ... risk of flight are.") The Government proffered that law enforcement previously issued a written warning to Mr. Jackson that his conduct was illegal. Mr. Jackson, however, ignored this admonition and instead continued his allegedly illegal activity. Moreover, the Government proffered that Mr. Jackson made statements that he has the ability to create false identification documents, including passports, and has manufactured false identification documents in the past by himself. Finally, Mr. Jackson worked as a professional basketball player in Greece and Macedonia in the recent past, which suggests he is comfortable living and traveling abroad. In light of these facts and the severe potential criminal penalties here, the Court finds that Mr. Jackson has both the motive and opportunity to flee. Accordingly, this factor weighs in favor of detention. 3) 18 U.S.C. § 3142(g)(3): The Court recognizes that Mr. Jackson is a lifelong Cleveland resident and a college graduate, has strong family ties, a stable residence, and no criminal history or history of violence. But while Mr. Jackson reports he is able to soon begin employment at a local Catholic high school, the employment agreement makes clear that he must submit FBI/BCI criminal background check results as required by the Ohio Revised Code. (See ECF No. 10.) In any event, while there are certainly a number of positive (g)(3) factors here, they are outweighed by the factors set forth in (g)(1) and (g)(2) above. 4) 18 U.S.C. § 3142(g)(4): Mr. Jackson is a danger to the community for the reasons set forth above in (g)(1). For the reasons discussed above, the Court finds that there are no conditions or combination of conditions (such as electronic monitoring) that would ensure Mr. Jackson's appearance. While electronic monitoring would alert the Government if Mr. Jackson were to flee, this alert would take place after any escape occurred. See, e.g., *United States v. Hanson*, 2022 WL 1813585, at *6 (N.D. Ohio May 3, 2022) ("As the Second Circuit has recognized, home detention and electronic monitoring at best replicate a detention facility without the confidence of security such a facility instills.") Accordingly, detention is appropriate here.

933(a)(1). He has prior foreign travel and lived abroad. He is a man of obvious intelligence, is a college graduate, has family support, and was employable. Despite that, he made a conscious decision to sell firearms to persons likely to engage in criminal activity, being fully aware that his conduct was illegal, motivated by monetary profit. Jackson pleaded guilty to crimes that carry up to 15 years imprisonment. His motion for bond should be denied.

## II.     LAW AND ARGUMENT

In light of Jackson's guilty plea, his motion for release is now governed by 18 U.S.C. § 3143. The statute creates a presumption that a defendant who has been found guilty of an offense and is awaiting sentencing will be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released...." 18 U.S.C. § 3143(a). This is because "[o]nce guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of sentence or appeal. The conviction, in which the defendant's guilt has been established beyond a reasonable doubt, is presumably correct in law." *United States v. Vance*, 851 F.2d 166, 170 (6th Cir. 1988) (internal quotation marks and citation omitted). The defendant bears the burden of overcoming the presumption of detention. *Id.* at 169. Jackson has not met his burden to overcome that presumption and should remain in detention pending sentencing.

The government is impressed with Jackson's accomplishments while in custody, however none of those certificates will ensure that he will appear for sentencing or prevent him from resuming his criminal activity again sufficient to overcome the presumption.[3] The fact that he

---

[3] Jackson attached numerous certificates of completion to his motion for pretrial release. The certificates were issued by Cypherworx, a company that produces learning content management systems. Through Cypherworx one can stream training videos. Jackson's certificates credit him with between one-half hour to two hours' worth of training. The course do not appear to be interactive.

has used his time incarcerated wisely cannot change that he consciously chose to defy ATF's warning and traffick firearms without regard to who came into receipt or the purpose, and he has now admitted as much. In short, Jackson was always capable of furthering his education, being gainfully employed, and spending quality time with family – he is not more capable because he's been federally charged with crimes. No amount of certificates will dismiss the fact that his defiance of the law and monetary motives caused him to be detained. He has known since April of 2022 that he was illegally selling firearms. Its difficult to believe that the Court now has his attention after his failure to pay attention when ATF presented him with a warning letter.

### III.   CONCLUSION

For the reasons discussed above, Jackson's motion to revoke the detention order should be denied.

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By:   /s/ Kelly L. Galvin
Kelly L. Galvin (OH: 0062585)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3731
(216) 522-7358 (facsimile)
Kelly.L.Galvin@usdoj.gov